

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 9:19-CV-6 |
| v. | § | |
| | § | JUDGE RON CLARK |
| STEPHEN F. AUSTIN STATE | § | |
| UNIVERSITY ET AL., | § | |
| | § | MAGISTRATE JUDGE |
| | § | KEITH F. GIBLIN |
| *Defendants.* | § | |

## SCHEDULING ORDER

Pursuant to 28 U.S.C. § 636, the District Court referred this matter to the undersigned United States Magistrate Judge for pretrial management. The court, after considering the joint discovery/case management plan [Dkt. #28] and after reviewing the case file, enters this case specific order which controls disposition of this action pending further order of the court. The following actions shall be completed by the dates indicated below.[1]

Given the parties' agreed proposals regarding scheduling and discovery, the Court also **ORDERS** that the scheduling conference set before the undersigned at 10:45 a.m. on April 25, 2019, is **CANCELED**.

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Federal Rule of Civil Procedure 6, the effective date is the first federal court business day following the deadline imposed.

## DEADLINES

| | |
|---|---|
| May 2, 2019 | Deadline for motions to transfer. |
| June 6, 2019 | Deadline to add parties. |
| July 5, 2019 | Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| July 18, 2019 | Deadline for Plaintiff to file amended pleadings.  A motion for leave to amend is not necessary before this date. |
| August 1, 2019 | Deadline for Defendant's final amended pleadings.  A motion for leave to amend is not necessary before this date. |
| August 15, 2019 | Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| Seven weeks after disclosure of an expert is made. | Deadline to object to any other party's expert witnesses.  Objections shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection.  The court will not accept objections to experts filed in any form, including motions in limine, after this date.[2]<br><br>Expert reports should include the categories of information set out in Federal Rule of Civil Procedure 26(a)(2)(B) and 26(a)(2)(C)(i)–(ii).  Challenges to expert reports should include those set out in Federal Rule of Evidence 702(a)–(d) and 703. |
| August 29, 2019 | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| November 7, 2019 | All discovery shall be commenced in time to be completed by this date. |

---

[2] This requirement has two goals: (1) to encourage early disclosure of experts so that if one is struck, the party will have time to find another; and (2) to avoid the gamesmanship that has become common as parties attempt to disqualify experts with a motion in limine, thus distracting opponents during final trial preparations and perhaps even blocking testimony required to establish a claim or defense.

| | |
|---|---|
| January 30, 2020 | Deadline of proposed mediation. |
| February 4, 2020 | Notice of intent to offer certified records. |
| February 11, 2020 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order, Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). <br><br> To avoid the cost of designating deposition extracts and objecting to same, counsel shall discuss witnesses who have to be presented by deposition. Counsel should agree on a list of witnesses whom each counsel will subpoena, or if beyond the subpoena range (*see* Federal Rule of Civil Procedure 45), whom each counsel will arrange to have present at trial. |
| February 25, 2020 | Motions in limine are due. File Joint Final Pretrial Order. The form is available on the Eastern District of Texas's website. |
| March 3, 2020 | Responses to motions in limine are due.[3] <br><br> File Proposed Jury Instructions / Verdict Form (or Proposed Findings of Fact and Conclusions of Law). |
| March 10, 2020 | For witnesses who are not going to be called live, oral and video deposition designations are due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting line and page numbers to be included in the video. Counsel must consult on any objections, and only those which cannot be resolved shall be presented to the court.[4] The party who filed the initial video designation is responsible for preparation of the final edited video in accordance with all parties' designations, and the rulings on objections. (Designations are not to be made for witnesses who will appear live, nor for impeachment on cross-examination.) |

---

[3] To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all the issues which are resolved.

[4] Opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The court needs a copy of the pertinent deposition to rule on any objection.

| | |
|---|---|
| March 24, 2020 | File unresolved objections to oral and video deposition extracts. |
| Date to be set by the court. | If numerous motions are pending, the court may set a hearing to consider all pending motions and objections. |
| April 7, 2020 | Docket call and Final Pretrial at 2:00 p.m. in Courtroom #6 in Beaumont, Texas before Judge Giblin. Date the parties should be prepared to try the case. <br><br> Provide the court with two copies of the Exhibit List, using form from the District Clerk's Office. Absent agreement of the parties, this should not have exhibits that were not listed in the Final Pretrial Order. |
| April 20, 2020 | Jury selection and trial in Lufkin, Texas, at 10:00 a.m. before Judge Clark. This case will then be tried in order with other cases on the docket. Depending on disposition of other cases on the court's docket, jury selection may be the following week. About a month before docket call, counsel may wish to consult with counsel for the other cases on the docket to determine whether their cases are likely to settle. |

## SCOPE OF DISCOVERY

Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, the parties' relative access to relevant information, the importance of the proposed discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, the court modifies the parameters of discovery in the following respects. *See* FED. R. CIV. P. 26(b)(1), (b)(2)(iii).

Disclosure. The parties are reminded of the requirement, set out in this court's initial Order Governing Proceedings, to have already disclosed, without awaiting a discovery request, information such as names of persons likely to have, and documents containing, information relevant to a claim or defense of any party. If there are any questions about whether information is relevant to a claim or defense of any party, then review Local Rule CV-26(d).

**A party that fails to timely disclose any of the information required to be disclosed by order of this court or by the Federal Rules of Procedure, will not, unless such failure is harmless, be permitted to use such evidence at trial, at a hearing, or in support of a motion.**

Depositions. Plaintiff may depose 30(b)(6) representatives, Dr. Peggy S. Scott, and Jane Roe. Defendants may depose Plaintiff. Each party may depose expert witnesses disclosed by opposing party and health care providers, if relevant. Each party may also depose 6 additional witnesses as "extra depositions." The total time allotted for the "extra depositions" is limited to 2

hours per witness for Plaintiff and 2 hours per witness for Defendants, whether the time is used in direct examination or cross-examination. Absent court order, all depositions shall be taken in compliance with Federal Rule of Civil Procedure 30(d) and Local Rule CV-30.

The parties are permitted unlimited depositions on written questions of custodians of business records.

Electronic Discovery. Electronically stored information will be produced in hard copy form or multi-page TIFF format, unless the parties agree otherwise.

The parties are excused from the pretrial disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(3), as such disclosure is cumulative of this court's pretrial order procedures.

## DISCOVERY DISPUTES

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline is the best means to obtain an immediate ruling on whether a discovery request is relevant to any claims or defenses and on disputes which arise during depositions. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

**Before filing** a motion to compel, a motion to quash, or a motion for protection from discovery, lead counsel must confer in good faith concerning the disputes. If an agreement can not be reached, counsel should call the hotline.

**Before calling** the duty magistrate judge or this court on any dispute arising outside of a deposition, any attorney would be well advised to list, in about a half a page, the key points counsel wishes to make, any pertinent record references, and the applicable rule provision, statute, or case that supports counsel's position.

**Electronic discovery:** In cases involving disputes over extensive electronic discovery counsel for both sides shall review the court's [Model] Order Regarding E-Discovery in Patent Cases before contacting the Hotline or filing motions to compel or to quash. The order can be modified for use in any case in which electronic discovery is an issue, and any ruling of the court on conduct of electronic discovery will likely be based, at least in part, on that model order. *See* ED Texas Website under Forms / Patent Forms / Order Regarding E-Discovery in Patent Cases.

## RESOURCES

The Eastern District of Texas website (http://www.txed.uscourts.gov) contains information about **Electronic filing, which is mandatory,** Local Rules, telephone numbers, general orders,

frequently requested cases, the Eastern District fee schedule, and other information. The electronic filing HelpLine is 1-866-251-7534.

## COMPLIANCE

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this Order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, or this Order may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both. If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

## TRIAL

The deadlines for pre-trial matters, such as exchanging exhibits, and objections, are intended to reduce the need for trial objections, side-bar conferences, and repetitive presentation of evidentiary predicates for clearly admissible evidence. Counsel should be familiar with the evidence display system available in the courtroom. Copies of exhibits which will be handed to witnesses should be placed in a three ring binder, with an additional copy for the court. (To make it easy to direct the witness to the correct exhibit while on the stand, Plaintiff should use a dark colored binder such as black or dark blue. Defendants should use a light colored binder, such as white, red, or light blue.) No single binder of exhibits shall exceed three inches in width. Alternatively, if exhibits have been scanned and will be presented via a computer projection system, be sure there is a way for the court to view or read them separately so as to be able to understand motions and objections.

**SIGNED this the 17th day of April, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE